IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RONALD GALLO                                                                        PLAINTIFF

v.                                       3:05CV00272-WRW

SCOTT PILLOW, Special Agent
for the Arkansas State Police, in his
Official and Individual Capacities;
ARVIN VOLNER, Police Officer for
the City of Paragould, Arkansas, in his
Official and Individual Capacities                                                  DEFENDANTS

## ORDER

Pending is Plaintiff Ronald Gallo's ("Gallo") Motion for Summary Judgment.[1] Defendants, Scott Pillow ("Pillow") and Arvin Volner ("Volner") have responded.[2] Also pending are Motions for Judgment on the Pleadings filed by Pillow[3] and Volner,[4] to which Gallo responded.[5] Gallo also has a Motion to Compel Discovery pending.[6] Pillow and Volner responded to this motion,[7] and Pillow filed a Motion to Take the Deposition of Ronald Gallo.[8] Gallo did not respond.

---

[1] Doc. No. 15.

[2] Doc. Nos. 24 and 27.

[3] Doc. No. 42.

[4] Doc. No. 40.

[5] Doc. No. 46.

[6] Doc. No. 49.

[7] Doc. Nos. 51 and 52.

[8] Doc. No. 36.

Gallo brought this action under 42 U.S.C. § 1983 for violation of his rights under the Fourth and Fourteenth Amendments, and for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202. Gallo also alleges conversion, negligent bailment, and civil conspiracy.[9] Both Plaintiff and Defendants assert that they are entitled to judgment. Gallo argues that he is entitled to summary judgement, and Pillow and Volner argue that they are entitled to a judgment on the pleadings.

## I. Background

In the early morning hours of February 27, 2005, Gallo's motel room was searched and he was arrested. Pillow is a special investigator with the Arkansas State Police, and Volner is a Paragould police officer who helped execute the warrants. At the time of Gallo's arrest, the police confiscated $15,000.00 in cash.

According to the police report, Pillow photographed and took custody of the money.[10] Gallo alleges that the charges against him were *nolle prossed* due to flaws in Pillow's warrant affidavit. Gallo also accuses Pillow and Volner of keeping his cash under suspicious circumstances, and falsely reporting that the money was counterfeit.

Gallo states that he is entitled to summary judgment on his claim because of the following undisputed facts: (1) his fingerprints were never found on the money; (2) Gallo's cash was held for over a year after his arrest; (3) despite what was stated in the police report, no photos of the money were taken; (4) the police waited fourteen months after seizing the cash before alleging that it was counterfeit; and (5) he was never criminally charged with

---

[9]Doc. No. 1.

[10]Doc. No. 18.

counterfeiting. Gallo argues that these facts show he was wrongfully deprived of his property.

Pillow and Volner state that Gallo was arrested for possession of methamphetamine with intent to deliver. At the time he was arrested, other charges were pending in Greene County Circuit Court. As part of a negotiated plea, the charges stemming from his Paragould arrest were dismissed, and, in exchange, Gallo pled guilty to the Greene County charges. Gallo is in the Arkansas Department of Corrections.

Pillow and Volner explain that Gallo's cash was not examined until his case was closed. After that, the cash was retrieved from the evidence locker and found to be counterfeit. They also point out that fingerprints generally are not found on counterfeit money.

Pillow and Volner assert that Gallo's claims should be dismissed on the pleadings for the following reasons: (1) Gallo has a postdeprivation remedy under state law; (2) Gallo fails to state a claim under § 1983 because his allegations are based on negligence; (3) Gallo's official capacity claims against the officers are barred by the Eleventh Amendment; (4) the officers, in their official capacity, are not "persons" under § 1983.

## II. Summary Judgment and Motions to Dismiss Standards

### A. Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[11] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that

---

[11]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

3

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[12]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[13] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[14] I must view the facts in the light most favorable to the party opposing the motion.[15] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[16]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[17]

---

[12]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[13]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[14]*Id.* at 728.

[15]*Id.* at 727-28.

[16]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[17]*Anderson*, 477 U.S. at 248.

**B. Motion to Dismiss**

When ruling on a motion to dismiss, a court assumes that all the complaint's factual allegations are true, and draws all reasonable inferences from those facts.[18] But, the complaint must contain facts, not conclusions, and a court is not "required to read in missing facts necessary to perfect the claim."[19]

This is particularly true when alleging civil conspiracy. Conclusory allegations and speculation without factual allegations do not support a claim of civil conspiracy.[20] In order to succeed in a civil rights conspiracy claim under § 1983, Gallo must allege some facts showing a mutual understanding between Pillow and Volner to commit unconstitutional acts.[21]

In Arkansas, "[t]o prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive, or immoral means, to the injury of another."[22] A conspiracy may be inferred from actions of

---

[18]*Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001).

[19]*DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

[20]*Johnson v. Esry*, 210 F.3d 379 (8th Cir. 2000) (quoting *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (conspiracy allegations must be pled with sufficient specificity and factual support to suggest a meeting of minds)); *Moses.com Securities, Inc. v. Comprehensive Software*, 406 F.3d 1052, 1064 (8th Cir. 2005).

[21]*Kurtz v. City of Shrewsbury*, 245 F.3d 753 (8th Cir. 2001).

[22]*Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 961 (2002).

alleged conspirators that indicate a meeting of the minds.[23] But the specific actions from which conspiracy may be inferred must be alleged.[24]

The complaint must be viewed most favorably to the non-moving party and may be dismissed "only if it is clear that no relief can be granted under any set of *facts* that could be proved consistent with the allegations."[25]

## III. Authority

### A. Persons under Section 1983

The Eleventh Amendment applies to 42 U.S.C. § 1983 claims, and the state cannot be sued in federal court for damages under this section.[26] Moreover, only "persons" can be sued under § 1983, and state agencies are not "persons."[27] In fine, neither the state nor its officials, acting in their official capacities, are persons under § 1983.[28]

### B. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment is applied to *deliberate* decisions of government officials that deprive a person of life, liberty, or property.[29] Negligent conduct

---

[23]*Wilson v. Davis*, 138 Ark. 111 (1919).

[24]*Manis*, 862 F.2d at 681.

[25]*Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir. 1983) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)) (emphasis added).

[26]*Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989).

[27]*Will v. Michigan Department of State Police*, 491 U.S. 58, 64, 70 (1989).

[28]*Id.*

[29]*Rochin v. California*, 342 U.S. 165 (1952) (stomach pumping); *Bell v. Burson*, 402 U.S. 535 (1971) (driver's license suspension); *Ingraham v. Wright*, 430 U.S. 651 (1977) (paddling student) (emphasis added).

by a state official is not a deprivation under the Due Process Clause, because this clause is intended to prevent an arbitrary exercise of government power.[30]

Destruction of property by a state employee does not violate due process if the state provides a meaningful postdeprivation remedy, because the state's action is not complete until there is a failure to provide adequate relief for the loss.[31] This is so even when the property destruction is intentional.[32]

### C. Fourth Amendment

A Fourth Amendment violation occurs where a seizure is unreasonable under the circumstances.[33] An unreasonable retention of property seized in a lawful search may represent a Fourth Amendment seizure.[34] However, the right to reclaim legally seized property is not a clearly established constitutional right.[35]

### D. Qualified Immunity

State officers are entitled to qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

---

[30]*Daniels v. Williams*, 474 U.S. 327, 331 (1986).

[31]*Parratt v. Taylor*, 451 U.S. 527, 541-42 (1981).

[32]*Hudson v. Pamer*, 468 U.S. 517 (1984).

[33]*Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).

[34]*Roderick v. City of Gulfport, Miss.*, 144 F. Supp. 2d 622, 629 n. 2 (S.D. Miss. 2000).

[35]*Id.*

7

known."[36]  Qualified immunity is a right not to stand trial.[37]  In order to defeat this right, the alleged conduct must amount to a constitutional violation, and on top of this, the constitutional right must be clearly established.[38]

## IV. Discussion

### A. Plaintiff's Motion for Summary Judgment

In support of his Motion for Summary Judgment, Gallo asserts that it is undisputed that Pillow and Volner conspired to deprive him of his property, and then falsely claimed that it was counterfeit.  He offers three exhibits in support of his motion for summary judgment:  the arrest-warrant affidavit signed by Pillow, the criminal investigation form that designates Pillow as evidence custodian and photographer, and the affidavit for the search warrant.[39]

These documents do not establish beyond a factual dispute that the Gallo's cash was not counterfeit when it was seized.  Moreover, Gallo did not offer any evidence that Pillow and Volner intentionally conspired to deprive him of his money.  The evidence that there are no fingerprints on the money, that the officers did not photograph the money when it was seized, and that no counterfeiting charges were filed against Gallo, doesn't raise a suspicion of improper conduct.   A jury could conclude that Pillow and Volner did nothing wrong.  In short, material facts remain in dispute that prohibit summary judgment.  Gallo does not meet his burden of establishing that he has a right to a judgment beyond controversy.

---

[36]*McCaslin v. Wilkins*, 183 F.3d 775, 778 (8th Cir. 1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[37]*Saucier v. Katz*, 533 U.S. 194, 200 (2001).

[38]*Id.* at 201.

[39]Doc. No. 18, Exs. A, B, and C.

**B.  Defendants' Motion for Judgment on the Pleadings**

Gallo sued Pillow and Volner in their individual and official capacities, and alleged that they violated his constitutional rights under the Fourth and Fourteenth Amendment. Gallo accuses Pillow of either negligently or intentionally depriving him of $15,000.00. Gallo's allegations fail as a matter of law.

Pillow and Volner, acting in their official capacity, are not considered persons under § 1983,[40] and states can't be sued for damages under § 1983. So, Gallo fails to state an "official capacity" claim, leaving only the "individual capacity" claims.

Gallo does not make any specific allegations about Pillow's and Volner's individual actions. He offers conclusory allegations of a civil conspiracy, but makes no allegations that Pillow and Volner committed an overt act in furtherance of this conspiracy.

The complaint alleges that Defendants (without identifying which Defendants) exercised dominion over the money.[41] There is no allegation that the exercise of dominion was wrongful, with the intent to dispose of the money, or to transfer it to someone who is not entitled to it.[42]

Gallo further alleges that Defendants, "or a combination of two or more of them," acted in concert to prevent Plaintiff from recovering his money.[43] He does not identify which

---

[40] *Will*, 491 U.S. at 71.

[41] Doc. No. 1, ¶ 21.

[42] *McKenzie v. Tom Gibson Ford, Inc.*, 295 Ark. 326, 329 (1988) (defining conversion as a wrongful exercise of dominion over goods, and explaining that the most common way conversion is committed is by an unauthorized transfer or disposal of the goods).

[43] Doc. No. 1, ¶ 32.

Defendants did what to achieve this purpose.[44] The conclusory allegations are insufficient to support Gallo's conspiracy claims against Pillow and Volner.[45]

The allegations based on negligence fail because there is no such thing as a cause of action for negligently depriving a person of his property without due process.[46] The allegations based on intentional conduct also fail because state employees do not violate due process if the state provides a meaningful postdeprivation remedy.[47] Arkansas provides a remedy to Gallo -- an action for conversion against Pillow and Volner. If Gallo can prove in a state action that Pillow and Volner are liable for an intentional tort such as conversion, immunity is not applicable.[48]

Gallo does not allege that the original seizure of the money was unreasonable. He maintains that, after his arrest, Defendants did not return it within a reasonable period of time. Holding onto property seized from a lawful search may violate the Fourth Amendment, but this conduct is not a clearly established violation. Because keeping property too long is not a clear violation of the Fourth Amendment -- to the extent that Pillow and Volner were arguably culpable -- they are entitled to qualified immunity.

---

[44]*Wilson*, 138 Ark. at 113.

[45]*Johnson*, 210 F.3d at 379.

[46]*Daniels*, 474 U.S. at 328.

[47]*Parratt v. Taylor*, 451 U.S. at 541-42.

[48]*Deitsch v. Tillery*, 309 Ark. 401 (1992) (holding that in Arkansas, intentional torts overcome the immunity extended to state officers and employees); *Grine v. Board of Trustees*, 338 Ark. 791, 800 (1999) (holding that if acts in a complaint are alleged to be malicious and outside the scope of employment, the lawsuit is not against the state).

In view of the above, Gallo fails to state a claim for violation of his rights under the Fourth and Fourteenth Amendment, fails to state a claim for civil conspiracy to deprive him of constitutional rights, and fails to state claims against the individual officers under § 1983.

Gallo's remaining state claims for negligent bailment and conversion are pendent state claims, over which I decline to exercise jurisdiction. Generally, when federal claims are dismissed, the balance of interests "will point toward declining to exercise jurisdiction over the remaining state law claims."[49]

Plaintiff's Motion for Summary Judgment is DENIED. Defendants' Motions for Judgment on the Pleadings are GRANTED. Plaintiff's Motion to Compel, and Defendant Pillow's Motion to Take Deposition of Ronald Gallo are DENIED as moot. This case is DISMISSED with prejudice.

IT IS SO ORDERED this 20th day of March, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[49] *In re Canadian Import Antitrust Litigation*, 470 F.3d 785, 792 (8th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).